UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CALVIN RODRIGUE | CIVIL ACTION NO. 09-985 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| MOREHOUSE DETENTION CENTER, ET AL | MAGISTRATE JUDGE KAREN L. HAYES |

### MEMORANDUM RULING

Plaintiff Calvin Rodrigue, a prison inmate, was awarded $280,000.00 after a bench trial for violations of his Eight Amendment right to be free from cruel and unusual punishment. After trial, the Court found that Lieutenant Brad Fife and Nurse Grayson ("Defendants") acted with deliberate indifference to Rodrigue's serious medical condition and ultimately caused the perforation of his appendix. Rodrigue now moves, approximately a year-and-a-half after entry of judgment and shortly after the conclusion of an unsuccessful appeal by Defendants, for attorneys fees under 42 U.S.C. §§ 1983, 1988 and for prejudgment interest. [Record Document 114]. For the following reasons, the Court **DENIES** the motion.

I.   **Factual and Procedural Background**

The facts relating to the Eight Amendment violation are laid out in detail in the Court's September 28, 2012 Memorandum Ruling, [Record Document 107, pp. 5-13], Rodrigue v. Morehouse Detention Ctr., Civil Action No. 09-985, 2012 WL 4483438, at *2-6 (W.D. La. Sept. 28, 2012), and in the Fifth Circuit's opinion affirming that ruling,

Rodrigue v. Grayson, --- Fed. App'x ---, 2014 WL 762451, at *1-2 (5th Cir. 2014). For the purposes of the present motion, only the following procedural background is necessary. Mr. Rodrigue included a demand for attorneys fees and costs in his original complaint and his proposed pretrial order. [Record Documents 1, p.21, and 72, p.1]. Before entering judgment, the Court requested that the parties submit a proposed final judgment. [See Record Document 108]. The judgment proposed by both parties held Defendants Lt. Brad Fife and Nurse Grayson liable for $280,000 in general compensatory damages and $10,000 in court costs, but it did not mention attorney's fees. The Court signed the final judgment on November 28, 2012, which stated:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that judgment be entered herein against Plaintiff, Calvin Rodrigue, in favor of Defendants, Sgt. Keith Clacks, Assistant Warden Issiac Brown, Warden Robert Tapp, Sheriff Mike Tubbs, and the Morehouse Parish Sheriff's Office, dismissing this action against those parties with prejudice.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment be entered herein in favor of Plaintiff, Calvin Rodrigue, and against Defendants, Lt. Brad Fife and Nurse Grayson, who are jointly and severally liable to Plaintiff Calvin Rodrigue in the amount of $280,000 in general compensatory damages, $10,000 in court costs, and interest as allowed by law.

[Record Document 109, p.1] (emphasis in original). Notice of appeal was filed by Defendants on December 10, 2012. [Record Document 110]. On March 24, 2014 the Fifth Circuit mandate affirming this Court's decision was filed in the record. [Record Document 113]. Finally, on April 4, 2014, Mr. Rodrigue moved for attorney fees and prejudgment interest. [Record Document 114].

**II.    Analysis**

    **A.    The Timeliness of the Motion for Attorney's Fees**

Defendants oppose the motion for attorney's fees as untimely.  They cite Federal Rule of Civil Procedure 54(d)(2), which provides as follows:

> (A) Claim to Be by Motion.  A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) Timing and Contents of the Motion.  Unless a statute or a court order provides otherwise, the motion must:
>
>     (i) be filed no later than 14 days after the entry of judgment;

Fed. R. Civ. P. 54(d)(2).  Rule 54(a) defines the term "judgment" to include "a decree and any order from which an appeal lies."  Fed. R. Civ. P. 54(a).  There is no question that Mr. Rodrigue's motion for attorney's fees was filed more than fourteen days after the November 28, 2012 final judgment, and therefore it would appear to be time-barred.  Mr. Rodrigue, however, attempts to avoid this result by arguing that the November 28, 2012 judgment was not final because it failed to mention attorney's fees, which Mr. Rodrigue contends is an element of his damages, and that therefore it should be amended to include attorney's fees.  [Record Document 119, pp. 1-2].  He suggests that "[w]hen this honorable court enters an amended judgment, Counsel for petitioner will timely file for the approval of attorney fees."  Id. at 2.

Mr. Rodrigue cites Carter v. Gen. Motors Corp. in support; but Carter, is easily distinguished.  983 F.2d 40 (5th Cir. 1993).  The Carter panel held that a judgment holding a party liable for fees and costs without specifying the amount of those fees

and costs was not final until the respective amounts were fixed. 983 F.2d at 42. The judgment in the instant case, however, makes no mention of attorney's fees, and pursuant to the parties' stipulation assesses costs of $10,000. Carter, therefore, has no bearing on this case.

Neither does Yousuf v. UHS of De La Ronde, Inc. help Mr. Rodrigue. 110 F. Supp. 2d 482 (E.D. La. 1999). Mr. Rodrigue does not discuss or give pin cites for either of the two cases he cites, but the Court assumes that he is referring to the portion of Yousuf that holds that a second motion for attorney's fees filed after entry of an amended judgment was timely. 110 F. Supp. 2d at 487-89. In Yousef, the court granted a Rule 59 motion to amend the judgment in order to correct a double-counting error in the damages calculation. Id. at 483-84. After entry of an amended judgment correcting the error, the plaintiff moved for attorney's fees, and the court held that this motion was timely because the entry of an amended judgment restarted Rule 54(d)(2)(B)'s fourteen-day clock. Id. at 487-88. In the instant case, however, Mr. Rodrigue moves to amend the judgment to add attorneys fees, not to assess attorney's fees after a separate amended judgment has already been entered. Yousef therefore sheds no light on the instant situation.

Mr. Rodrigue's argument fails for two additional reasons. First, the Supreme Court has held that the finality of a judgment is not compromised by its failure to include attorney's fees. Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Egn'rs and Participating Emp'rs, --- U.S. ---, 134 S.Ct. 773, 777 (2014)

("Whether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal."); <u>Budinich v. Becton Dickinson & Co.</u>, 486 U.S. 196, 202-03 (1988) ("a decision on the merits is a final decision . . . whether or not there remains for adjudication a request for attorney's fees attributable to the case.") (internal quotation marks omitted); <u>White v. N.H. Dept. of Emp't Sec.</u>, 455 U.S. 445, 451-52 (1982) ("Regardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has prevailed") (internal quotation marks omitted).  A motion for attorneys fees made when there is no mention of attorney's fees in the judgment itself, then, is not a proper motion to amend the judgment under Rule 59.  <u>See White</u>, 455 U.S. at 451-52.

Second, even if Mr. Rodrigue's motion could be construed as a motion to amend the judgment, Rule 59 provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  The judgment was entered on November 28, 2012, so the deadline to file a motion to amend the judgment has long since passed.

Courts have excused the late filing of a motion for attorneys fees, pursuant to Rule 6, when the tardiness was caused by excusable neglect.  Fed. R. Civ. P. 6(b); <u>Tex. Mfg'd Housing Ass'n, Inc. v. City of Nederland</u>, 101 F.3d 1095, 1107 (5th Cir. 1996) (no

abuse of discretion when district court allowed untimely motion for attorney's fees after finding excusable neglect); Leidel v. Ameripride Servs., Inc., 322 F. Supp. 2d 1206, 12 (D. Kan. 2004) (excusable neglect found where there was no prejudice to defendant when the motion was filed two days late); but see Atel Mar. Investors, LP v. Sea Mar. Mgmt., L.L.C., Civ. Action No. 09-1700, 2014 WL 235441, at *10 (E.D. La. Jan. 22, 2014) (when the rule in question is unambiguous, inadvertence, ignorance of the rules, or mistakes construing the rules are not excusable neglect); Tex. Housing Agency v. Verex Assurance, Inc., 176 F.R.D. 534, 536-37 (N.D.Tex.,1998) (same) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 391 (1993)). Mr. Rodrigue, however, has not argued that the tardiness of his motion was the result of excusable neglect. See RFAR Grp., LLC v. Epiar, Inc., Civil Action No. 3:11–CV–3432–L, 2013 WL 1743880, at *2 (N.D. Tex., Jan. 9, 2013) (denying motion for attorneys fees where the motion was filed several months after the deadline and where counsel did not argue excusable neglect). Furthermore, extraordinary mitigating circumstances would be required to support a finding of excusable neglect in this case, given that the motion was filed approximately a year-and-a-half late and the appeal has already concluded. The motion for attorney's fees and expenses [Record Document 114] must therefore be **DENIED** as untimely.

### B. Prejudgment Interest

Mr. Rodrigue also moves for prejudgment interest on the damages award. This motion is untimely, as the Supreme Court has held that a motion for discretionary

prejudgment interest is effectively a motion to amend the judgment under Rule 59, and as mentioned above, motions to amend the judgment must be brought within twenty-eight days of the judgment. Osterneck v. Ernst & Whinney, 489 U.S. 169, 175-76 (1989) (noting that prejudgment interest, unlike attorney's fees, was traditionally considered an element of the plaintiff's compensation).

Even if the request were timely, the Court would not grant prejudgment interest. State law governs the calculation of prejudgment interest in § 1983 claims, but the decision whether to award prejudgment interest is discretionary. Sawyer v. Hickey, 68 F.3d 472, 1995 WL 581989, at *3 (5th Cir. 1995) (citing Pressey v. Patterson, 898 F.2d 1018, 1026 (5th Cir. 1990)); San Jacinto Sav. v. Kacal, 8 F.3d 21, 1993 WL 455886, at *2 (5th Cir. 1993) ("The district court has sound discretion to award prejudgment interest in such cases. It does not have to award prejudgment interest on Section 1983 claims.") (citing Hale v. Fish, 899 F.2d 390, 404 (5th Cir. 1990)). The Court awarded $280,000 for pain and suffering and emotional distress but found that Mr. Rodrigue had not proved that he would be liable for any medical expenses. [Record Document 107, pp. 36-38], Rodrigue, 2012 WL 4483438, at *18. Prejudgment interest is a measure that "serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." West Virginia v. United States, 479 U.S. 305, 311 n. 2 (1987). Prejudgment interest may be appropriate in a § 1983 action if it is necessary to make the plaintiff whole. Pressey, 898 F.2d at 1024-27 (discussing

award of prejudgment interest for § 1983 damages that included extensive medical expenses); Blackburn v. Snow, 771 F.2d 556, 573 (1st Cir. 1985) ("We have held that, in cases brought under § 1983, an award of prejudgment interest, though not mandatory, may be made if necessary to compensate [the plaintiff] fully.") (quoting Furtado v. Bishop, 604 F.2d 80, 97 (1st Cir. 1979)).  The calculation of damages for pain and suffering is necessarily an inexact science.  Nevertheless, in the instant case, the Court found that $280,000 was sufficient to compensate Mr. Rodrigue at the time of judgment.  The situation is thus unlike Tesch v. Prudential Ins. Co. of Am., the principle case on which Mr. Rodrigue relies, where the plaintiff was owed a certain sum of money at a definite time before entry of judgment and therefore required compensation above the nominal amount owed in order to reflect the time-value of that money while he did not have use of it.  829 F. Supp. 2d 483, 502-03 (W.D. La., 2011).  Here, the Court determined that at the time of judgment, Mr. Rodrigue's non-economic damages were valued at $280,000.  No adjustment for the fact that Mr. Rodrigue did not have the use of that money between the time he filed suit and the entry of judgment is therefore required.

### III. Conclusion

For the foregoing reasons, Mr. Rodrigue's Motion for Attorney Fees [Record Document 114] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 23rd day of June, 2014.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE